NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-828

STATE OF LOUISIANA

VERSUS

CARDELL K. FUSILIER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 100348
HONORABLE EDWARD D. RUBIN, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BILLY H. EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Billy H. Ezell, Judges.

> APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY REVIEW WITH THIS COURT WITHIN THIRTY DAYS OF THE DATE OF THIS DECISION.

Hon. Michael Harson
District Attorney – 15th JDC
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

Cardell K. Fusilier, Pro Se
Louisiana State Prison
Camp J, Gator Unit
Angola, LA 70712

**Ezell, Judge.**

In 2004, Defendant, Cardell K. Fusilier, was convicted of seven offenses: five counts of forcible rape, in violation of La.R.S. 14:42.1; one count of aggravated kidnapping, in violation of La.R.S. 14:44; and one count of simple robbery, in violation of La.R.S. 14:65. In November 2004, the sentencing court ordered Defendant to serve forty years at hard labor for each of the five forcible rape convictions, life imprisonment without benefit of parole for the aggravated kidnapping conviction, and seven years at hard labor for the simple robbery conviction. The district court then directed all of the sentences to run concurrently with each other and with any other penalty Defendant was serving.

Defendant appealed, and on appeal, this court affirmed Defendant's convictions. *State v. Fusilier*, an unpublished opinion bearing docket number 05-837 (La.App. 3 Cir. 2/1/06), *writ denied*, 06-508 (La. 9/29/06), 937 So.2d 852. Thereafter, Defendant continued to challenge his conviction by filing numerous pleadings with the district court.

On January 27, 2011, Defendant filed a "Motion for Grand Jury Transcript Proceeding." In his pleading, Defendant alleged the prosecution had abused the grand jury process by presenting false and misleading information at the grand jury hearing. Defendant further claimed that the State had failed to comply with the procedural requirements of the grand jury process by notifying Defendant that he was the target of a grand jury investigation. Defendant added that his due process rights had been violated because he had not been granted the same rights as the prosecutor to attend the proceedings. The district court denied relief on January 31, 2011. On March 16, 2011, Defendant filed a written objection to the trial court's January 31, 2011 ruling.

Subsequently, on May 13, 2011, Defendant filed a "Motion to Produce Grand Jury Transcripts." In this pleading, Defendant asserted basically the same claims, with

some additional argument, as those he presented in his earlier motion for transcripts of the grand jury proceedings in his case. The district court denied Defendant's second motion on May 16, 2011. The following month, Defendant filed a "Notice of Appeal" with the trial court stating he wished to seek review of the district court's May 16, 2011, decision to deny Defendant's request for production of grand jury transcripts. The next day, the trial court granted an appeal in Defendant's case.

Thereafter, an appeal record was lodged with this court. On July 12, 2011, this court issued a rule to show cause why Defendant's case should not be dismissed as it sought review of a judgment that was not appealable. Defendant responded on July 27, 2011. In his reply, Defendant conceded that the judgment is not appealable and requested this court to treat his appeal as a timely filed notice to seek supervisory reviews.

Under La.Code Crim.P. arts. 912-912.1, Defendant does not have the right to appeal the instant ruling. Therefore, Defendant's appeal is hereby dismissed. However, pursuant to La.Code Crim.P. art. 912.1(C), Defendant "has the right of judicial review by application to the court of appeal for a writ of review." Defendant is hereby permitted to file an application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. Defendant is not required to file a notice of intent to seek supervisory review nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe Defendant's "Notice of Appeal" as a notice of intent to seek supervisory review.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY REVIEW WITH THIS COURT WITHIN THIRTY DAYS OF THE DATE OF THIS DECISION.**